Benny L. FOREST, Sr., Plaintiff–
Appellant,

v.

UNITED STATES POSTAL SERVICE,
Defendant–Appellee.

No. 95–3586.

United States Court of Appeals,
Sixth Circuit.

Argued May 10, 1996.

Decided Oct. 2, 1996.

138

Richard C. Haber (argued and briefed) and Andrew J. Dorman (briefed), Reminger & Reminger, Cleveland, OH, for Plaintiff–Appellant.

Annette G. Butler, Asst. U.S. Attorney (argued and briefed), Office of the U.S. Attorney, Cleveland, OH, for Defendant–Appellee.

Before: MARTIN, Chief Judge; JONES and NELSON *, Circuit Judges.

NATHANIEL R. JONES, Circuit Judge.

Benny L. Forest ("Forest") appeals from the dismissal of his Title VII suit against the United States Postal Service ("Postal Service"). The district court dismissed Forest's complaint because he filed it more than 30 days after the Equal Employment Opportunity Commission's ("EEOC") final action on the issue. We find that Forest filed his complaint in a timely manner, because he was entitled to 90 days to file his complaint. Furthermore, we find the Postal Service is not entitled to sovereign immunity. Accordingly, we reverse.

I.

Forest alleges that the Postal Service denied him a promotion based upon his race in violation of Title VII of the Civil Rights Act of 1964, specifically, 42 U.S.C. § 2000e–16. In January 1991, an advisory panel recommended four candidates, including Forest, for the position of Supervisor, Electronic Technicians, at the Youngstown, Ohio, post office. He was the only black candidate recommended for the position. On April 23, 1991, the Postal Service notified Forest via letter that he did not receive the promotion.

On July 2, 1991, Forest, alleging discrimination, filed a formal EEOC complaint against the Postal Service. The Postal Service found no discrimination and closed Forest's case on November 8, 1991. On November 29, 1991, Forest requested a hearing before an EEOC administrative judge. An

---

* The Honorable David A. Nelson was present at ORAL ARGUMENT, but RECUSED himself before a decision was reached. Judge Martin has concurred in Judge Jones' opinion and thus it is the judgment of the case. See 6th Cir.R. 3(a).

administrative judge held a hearing on July 27, 1992, and recommended a finding of discrimination on the basis of race. The Postal Service declined to adopt this recommendation and, instead, found that Forest had not been discriminated against on the basis of his race.

Forest appealed the Postal Service's decision to the EEOC. The EEOC found no discrimination and issued its final decision on September 10, 1993. The EEOC's final decision notified Forest that he had 30 calendar days from the date he received the decision to file a civil action in a United States district court. The EEOC mailed its final decision to Forest's designated representative, James McDowell ("McDowell"). McDowell received the notice on September 17, 1993, and forwarded it to Forest, who received it on September 20, 1993.

On October 20, 1993, Forest filed an application with the district court for appointment of counsel and to proceed *in forma pauperis.* The district court denied Forest's application on November 9, 1993, but granted Forest 30 days from the date of the order to file a suit against the Postal Service. Forest initiated this suit on November 19, 1993.

On October 25, 1994, the Postal Service filed a motion to dismiss or in the alternative for summary judgment. The Postal Service argued that Forest failed to file his complaint within thirty days of receiving the final judgment from the EEOC. Forest opposed the motion on a number of grounds, but most importantly, he claimed that the recently enacted 1991 amendments to the Civil Rights Act of 1964 extended the limitations period for filing claims against the federal government to 90 days. The district court concluded that the 30–day statute of limitations applied and dismissed the case. Forest then filed this timely appeal.

## II.

A district court's decision to dismiss a civil complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is "a question of law subject to *de novo* review." *Dugan v. Brooks,* 818 F.2d 513, 516 (6th Cir. 1987).[1] Our review is essentially the same as the district court's; we "take the plaintiff's factual allegations as true and if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief, then ... dismissal is proper." *American Eagle Credit Corp. v. Gaskins,* 920 F.2d 352, 353 (6th Cir.1990) (citing *Dugan,* 818 F.2d at 516). Moreover, this court "scrutinize[s] with special care any dismissal of a complaint filed under a civil rights statute." *Brooks v. Seiter,* 779 F.2d 1177, 1180 (6th Cir.1985) (citations omitted).

On appeal, Forest argues that the district court erred by applying the incorrect statute of limitations. Until the enactment of the Civil Rights Act of 1991, federal employees had to file Title VII lawsuits "[w]ithin thirty days of receipt of notice of final action taken by [the employing agency] or by the Equal Employment Opportunity Commission." 42 U.S.C. § 2000e–16(c) (1988). The Civil Rights Act of 1991 ("1991 Act") extended the limitation period to 90 days, effective November 21, 1991. Pub.L. 102–166, § 114(1). The 1991 Act, however, did not prescribe whether it should be applied retroactively.

The district court declined to apply the 90–day limitation period because it found that such an application would be an improper retroactive application. We disagree. While the events underlying Forest's claim antedate the 1991 Act, application of the 90 day limitation period to Forest's claim is not ret-

---

1. In the court below, the Postal Service moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 56(c). Joint Appendix at 24–5. In its memorandum opinion, the district court only stated that it was dismissing the action, but did not specify whether it was doing so pursuant to 12(b)(1) or 12(b)(6). J.A. at 142–50. We have previously stated that "time requirements in statutes designed to eliminate unlawful discrimination in employment are not jurisdictional." *Boddy v.*

*Dean,* 821 F.2d 346, 350 (6th Cir.1987); *see also Supermail Cargo, Inc. v. United States,* 68 F.3d 1204, 1206 n. 2 (9th Cir.1995) ("Because the question whether [plaintiff's] claim is barred by the statute of limitations is *not* a jurisdictional question, it should have been raised through a 12(b)(6) motion to dismiss for failure to state a claim, not a rule 12(b)(1) motion to dismiss for lack of jurisdiction.") (emphasis in original). Accordingly, we will treat the dismissal as one under 12(b)(6).

roactive because it does not attach "new legal consequences to events completed before [the enactment of the Civil Rights Act of 1991]." *Landgraf v. USI Film Prods.*, 511 U.S. 244, ——, 114 S.Ct. 1483, 1499, 128 L.Ed.2d 229 (1994); *see also Wilson v. Pena*, 79 F.3d 154, 162 (D.C.Cir.1996). Rather, the 1991 Act applies to Forest's conduct, the filing of the complaint, which occurred after the enactment of the statute. Therefore, application of the 90–day statute is prospective in this case.

Our decision finds support in *Landgraf.* In *Landgraf,* the Supreme Court analyzed the 1991 Act to determine what, if any, portions of it should apply retroactively. The Court noted that retroactive application of a statute is generally disfavored. *Landgraf,* 511 U.S. at ——–——, 114 S.Ct. at 1497–98; *see also Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 208, 109 S.Ct. 468, 471–72, 102 L.Ed.2d 493 (1988) ("[r]etroactivity is not favored in the law .... [and] congressional enactments ... will not be construed to have retroactive effect unless their language requires this result."). The Court, however, pointed out that "[a] statute does not apply 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment or upsets expectations based in prior law." *Landgraf,* 511 U.S. at ——, 114 S.Ct. at 1499 (internal citation omitted). The pertinent inquiry is whether enactment of the new provision "attaches new legal consequences to events completed before its enactment." *Id.* When a statute applies new burdens upon a party, the presumption is that such a statute should not apply retroactively. *Id.* at ——, 114 S.Ct. at 1500. Changes in procedural rules, while a suit is pending, are not usually considered retroactive because such changes usually do not impose a new burden upon the parties. *Id.* at ——, 114 S.Ct. at 1502. As the Court stated, "rules of procedure regulate secondary rather than primary conduct." *Id.* Therefore, institution of a new procedural rule, after the conduct giving rise to the suit, does not make application of that rule retroactive. *Id.* (citing *McBurney v. Carson,* 99 U.S. 567, 569, 25 L.Ed. 378 (1878)).

A statute of limitations does not relate to the conduct of a defendant, but instead relates to the plaintiff's conduct in filing the claim. *Vernon v. Cassadaga Valley Cent. School Dist.,* 49 F.3d 886, 890 (2d Cir.1995) ("The conduct to which the statute of limitations applies is not the primary conduct of the defendants, the alleged discrimination, but is instead the secondary conduct of the plaintiffs, the filing of their suit."). Furthermore, application the 90–day statute of limitations in this case will not increase either party's liability, will not impose any new duties or obligations on the parties, *Landgraf,* 511 U.S. at ——, 114 S.Ct. at 1503, nor will it impair any rights of the parties. *See Crane v. Hahlo,* 258 U.S. 142, 147, 42 S.Ct. 214, 216, 66 L.Ed. 514 (1922) ("No one has a vested right in any given mode of procedure."). Consequently, traditional retroactivity concerns are not present in this case. On November 21, 1991, the President signed the Civil Rights Act of 1991. In this case, the Postal Service's alleged discriminatory acts predated the 1991 Act, but Forest filed suit after the 1991 Act became effective. The 1991 Act's 90–day statute of limitations was good law when Forest filed his complaint, and thus, Forest filed his complaint in a timely manner.

The United States Court of Appeals for the District of Columbia Circuit recently confronted a similar situation in *Wilson,* 79 F.3d 154. In *Wilson,* the plaintiff allegedly incurred his injury prior to the enactment of the 1991 Act and attempted to seek a remedy through the EEOC. The plaintiff filed suit on February 26, 1993. The D.C. Circuit held that the 90 day statute of limitations applies because "[t]he extended limitations period does not alter the legal effect of any pre-amendment event, nor does it change the remedies available for pre-amendment violations." *Id.* at 162 (citing *Landgraf,* 511 U.S. at ——, 114 S.Ct. at 1502). Therefore, even though the events underlying the action predated the 1991 Act, the D.C. Circuit found that application of the 90–day period to a case filed in 1993 was a prospective application. *Id.*

Our conclusion also finds support in cases filed pursuant to the Age Discrimination in

Employment Act ("ADEA"). Prior to the enactment of the 1991 Act, the ADEA provided that suits filed under the ADEA must be filed within two years from when the alleged discriminatory act took place (three years for willful age discrimination). 29 U.S.C. § 626(e) (incorporating limitations periods from the Portal–to–Portal Pay Act, 29 U.S.C. § 255(a)) (superseded 1991). The 1991 Act amended the ADEA and now provides that a plaintiff must bring suit under the ADEA within 90 days after receiving notice that the administrative proceeding has been terminated. Pub.L. 102–166, § 115, 105 Stat. 1079 (codified as amended at 29 U.S.C. § 626(e) (Supp.1995)). In several cases across the country, plaintiffs argued that the two year statute of limitations should apply to cases where the actions comprising the alleged discrimination predated the 1991 Act. The circuit courts that have reviewed these cases have rejected this argument and uniformly have found the 90–day statute of limitations applies to cases filed after the enactment of the 1991 Act, even when the claim accrued before that date. *St. Louis v. Texas Worker's Compensation Comm'n,* 65 F.3d 43, 45 (5th Cir.1995), *cert. denied,* — U.S. —, 116 S.Ct. 2563, 135 L.Ed.2d 1080 (1996); *Garfield v. J.C. Nichols Real Estate,* 57 F.3d 662, 665 (8th Cir.), *cert. denied,* — U.S. —, 116 S.Ct. 380, 133 L.Ed.2d 303 (1995); *Anderson v. Unisys Corp.,* 52 F.3d 764, 765 n. 1 (8th Cir.), *cert. denied,* — U.S. —, 116 S.Ct. 299, 133 L.Ed.2d 205 (1995); *Vernon,* 49 F.3d at 889. These courts reasoned that it was not inequitable to apply the 90–day statute, since the statute applied to the plaintiff's conduct and not the defendant's allegedly discriminatory conduct, which predated the 1991 Act. *St. Louis,* 65 F.3d at 46; *Garfield,* 57 F.3d at 665; *Anderson,* 52 F.3d at 765 n. 1;*Vernon,* 49 F.3d at 890.

The Defendant argues that our decision in *Vogel v. City of Cincinnati,* 959 F.2d 594 (6th Cir.), *cert. denied,* 506 U.S. 827, 113 S.Ct. 86, 121 L.Ed.2d 49 (1992), controls in this case. In *Vogel,* the plaintiff sued Cincinnati claiming reverse discrimination in hiring. After oral argument, Congress enacted the 1991 Act. *Id.* at 597. We found that applying the 1991 Act would affect the "substantive rights and liabilities" of the parties, and therefore,

we held that the 1991 Act did not apply retroactively. *Id.* at 598. Our holding today does not disturb this decision. First, applying the statute of limitations does not affect the substantive rights of the parties in this case. Second, we are applying the statute of limitations prospectively not retroactively. The statute of limitations is being applied to conduct after the enactment of the 1991 Act—the Plaintiff's filing of the complaint—not to the allegedly discriminatory acts of the Defendant. Consequently, the *Vogel* decision is inapposite to this case.

█ Finally, the Postal Service argues that sovereign immunity forbids the court from applying a statute retroactively. As stated, we are not applying the statute retroactively and, therefore, must only determine whether the Postal Service has waived its immunity. *See Wilson,* 79 F.3d at 162 n. 3.

Originally, Title VII of the Civil Rights Act of 1964 did not protect federal employees. In 1972, however, the Equal Employment Opportunity Act amended Title VII to include federal employees. 42 U.S.C. § 2000e (b); *Brown v. General Services Admin.,* 425 U.S. 820, 825, 96 S.Ct. 1961, 1964, 48 L.Ed.2d 402 (1976). In doing so, Congress created "an exclusive judicial remedy for claims of discrimination in federal employment" in section 717 of the Civil Rights Act of 1964 (codified as amended at 42 U.S.C. § 2000e–16 (1970)). *Brown,* 425 U.S. at 835, 96 S.Ct. at 1969; *see also Boddy v. Dean,* 821 F.2d 346, 352 (6th Cir.1987) ("In determining the extent to which it would waive sovereign immunity, Congress chose to limit relief in suits against federal agencies charging unlawful discrimination in employment practices by permitting only those remedies provided for within the comprehensive scheme of Title VII.").

Additionally, Congress waived the immunity of the Postal Service and endowed it with the authority to "sue and be sued," when it enacted the Postal Reorganization Act of 1970. 39 U.S.C. § 401(1) ("The Postal Service shall ... sue and *be sued* in its official name ....") (emphasis added); *see also Loeffler v. Frank,* 486 U.S. 549, 556, 108 S.Ct. 1965, 1970, 100 L.Ed.2d 549 (1988) ("By

launching 'the Postal Service into the commercial world,' and including a sue-and-be-sued clause in its charter, Congress has cast off the Service's 'cloak of sovereignty' and given it the 'status of a private commercial enterprise.'") (quoting in part *Library of Congress v. Shaw*, 478 U.S. 310, 317 n. 5, 106 S.Ct. 2957, 2963 n. 5, 92 L.Ed.2d 250 (1986)); *Maksymchuk v. Frank*, 987 F.2d 1072, 1076 (4th Cir.1993) ("[T]he Postal Reorganization Act in 1970 removed the mantle of sovereign immunity for the [Postal Service]."). Congress removed the "cloak of sovereignty" from the Postal Service with the intent of having it function more like an independent business "than had its predecessor, the Post Office Department." *Franchise Tax Board of California v. United States Postal Service*, 467 U.S. 512, 520, 104 S.Ct. 2549, 2554, 81 L.Ed.2d 446 (1984). Consequently, it is beyond dispute that the Postal Service's sovereign immunity has been waived. Furthermore, Congress did nothing in the Civil Rights Act of 1991 to change these provisions. *See, e.g., Nunnally v. MacCausland*, 996 F.2d 1, 3 n. 3 (1st Cir.1993). Accordingly, we find that the Postal Service is not immune from suit.

### III.

Forest raised various other issues related to tolling of the statute of limitations and the proper person to serve with the EEOC decision. Since we find that Forest filed his claim in a timely manner, we need not resolve these other issues and leave them for another day. Accordingly, we REVERSE the district court's dismissal of this case and REMAND it so it may now proceed consistent with this opinion.