**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 30 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

BILLY W. WILLIAMS,

      Plaintiff-Appellant,

v.

STATE OF COLORADO, ROY
ROMER, Governor, State of
Colorado; PERSONNEL BOARD,
STATE OF COLORADO,
MEMBERS OF (Gloria Millard,
Philip J. Reynolds, Donald R.
Luttrull, Board Chairman); SHIRLEY
O. HARRIS, Executive Director,
State Department Personnel;
COLORADO SCHOOL OF MINES,
a Colorado state agency; GEORGE S.
ANSELL, President, Colorado School
of Mines; COLORADO SCHOOL OF
MINES BOARD OF TRUSTEES,
MEMBERS OF, (Sally Vance Allen,
Joe Coors, Jr., Anthony L. Joseph,
Terence P. McNulty, Donald E.
Miller, Jeff Odenbaugh, Charles E.
Stott, Jr., Russell L. Wood, Board
President); MARTHA GAIL
FALLEN, News Information
Director; NELS JENSEN, named:
Nels (Nordy) Nordets Gaard Jensen,
Director of Public Relations;
ROBERT W. THOMPSON, JR.,
Administrative Law Judge, State
Personnel Board,

      Defendants-Appellees.

No. 95-1533
(D.C. No. 93-B-1378)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before KELLY and HENRY, Circuit Judges, and DOWNES,[**] District Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals from the district court's grant of summary judgment in favor of defendants. Plaintiff brought suit against defendants alleging age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634, and claiming violations of 42 U.S.C. § 1983 and his constitutional rights. The allegations center around plaintiff's unsuccessful application for employment with the Colorado School of Mines.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

The district court found that plaintiff's claims were time-barred and, on de novo review, see Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992), we affirm the summary judgment. Plaintiff was notified that his job application was unsuccessful on June 29, 1990; the EEOC's finding of no discrimination was issued on September 19, 1991; and plaintiff filed his complaint in federal district court on June 29, 1993. Plaintiff's claims are time-barred. See Hunt v. Bennett, 17 F.3d 1263, 1265-66 (10th Cir. 1994) (holding § 1983 claims are governed by Colorado's two-year limitations period for personal injury actions); 29 U.S.C. § 626(e) (providing that ADEA claim may be brought within ninety days after receipt of notice of termination of EEOC action).[1]

---

[1] The district court relied on 29 U.S.C. § 626(e) and 29 U.S.C. § 255(a) in finding the action time-barred. Those statutes provided a two-year limitations period to bring an ADEA claim, or three years if the alleged violation was willful. The district court found that the record did not evidence a willful violation and, therefore, plaintiff's ADEA claim filed three years after the cause of action accrued was untimely.

The Civil Rights Act of 1991 amended the ADEA, and § 626(e) now allows a plaintiff ninety days after receiving notice that the administrative proceeding has been terminated to bring a civil action. Because plaintiff filed this action after the effective date of the amended statute, we apply the ninety-day limitations period. See, e.g., Forest v. United States Postal Serv., 97 F.3d 137, 141 (6th Cir. 1996) (collecting cases applying new limitations period in cases filed after effective date of amendment but where alleged discriminatory act occurred before effective date). We note that we agree with the district court's finding that no willful violation occurred and, thus, under either version of the statute, plaintiff's claims are time-barred.

The judgment of the United States District Court for the Colorado is

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge