United States Court of Appeals,

Eleventh Circuit.

No. 96-3070.

William E. BROWNING, Jerry L. Williams, Thomas P. Yusko, Plaintiffs,

Raymond L. Gravatt, John E. Luedecke, Plaintiffs-Counter-Defendants,

David V. Hanna, Plaintiff-Appellant.

v.

AT&T PARADYNE, Defendant-Counter-Claimant-Appellee.

Aug. 22, 1997.

Appeal from the United States District Court for the Middle District of Florida. (No. 92-1401-CIV-t-17A), Thomas G. Wilson, Magistrate Judge.

Before CARNES, Circuit Judge, and HENDERSON and GIBSON[*], Senior Circuit Judges.

PER CURIAM:

David V. Hanna and several other employees or former employees of AT&T Paradyne Corporation ("AT&T") filed this action pursuant to the Age Discrimination in Employment Act ("ADEA")[1] alleging discrimination by AT&T because of their age. AT&T filed a motion for summary judgment contending that Hanna's claims were barred by the statute of limitations. The United States District Court for the Middle District of Florida eventually granted that motion.[2] Hanna filed this timely appeal from the final judgment.

## I. FACTS AND PROCEDURAL HISTORY

David V. Hanna commenced work for AT&T in May, 1978, as a sales representative in its Cleveland, Ohio office. It is undisputed that, in the early years, Hanna performed competently, was given raises and, eventually, promoted to Senior Account Manager. Hanna's relationship with

---

[*]Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

[1]29 U.S.C. § 621 et seq.

[2]Following the filing of a stipulation by the parties, the district court dismissed the claims of the remaining plaintiffs at the same time, thereby rendering its summary judgment on Hanna's claims immediately appealable.

AT&T began to deteriorate in May, 1990, when he was assigned to a new district manager, John Bazzone. According to Hanna, Bazzone began a campaign to discredit him and undermine his effectiveness.

On October 21, 1991, Hanna met with an investigator with the Equal Employment Opportunity Commission ("EEOC") and filled out an EEOC Intake Questionnaire and an affidavit setting forth his complaint that AT&T and Bazzone had engaged in age discrimination in the assignment of sales accounts and in the terms and conditions of his employment.[3] On or about November 5, 1991, acting on his own and without the assistance of counsel, Hanna filed two charges of discrimination with the EEOC: one relating to assignment of sales accounts and the terms of his employment, the second attacking a poor performance evaluation he had received on October 18, 1991.

Soon thereafter, on November 21, 1991, the Civil Rights Act of 1991 ("CRA"),[4] which amended the statute of limitations for filing age discrimination lawsuits, was signed into law. Previously, the ADEA incorporated the two-tiered statute of limitations contained in the Portal-to-Portal Pay Act of 1947. *See* 29 U.S.C. § 626(e)(1) (superseded 1991). That statute provided that an action would be "forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued...." 29 U.S.C. § 255(a). Under Section 115 of the CRA, a complainant has 90 days from the termination of EEOC administrative proceedings to commence a civil action. 29 U.S.C. § 626(e) (1995).

In November of 1991, AT&T announced that it intended to implement a reduction in force. As a result of this announcement, Hanna was informed on December 11, 1991, that his position with the company was "at risk" due to the restructuring and that he had until September 1, 1992 to find another position within the organization. At this time, Hanna was relieved of all sales

---

[3] *See* R.1-27, Exhs. 1 & 2.

[4] Pub.L. No. 102-166, 105 Stat. 1071 (1991).

responsibilities and given a staff position in which he coordinated seminars given by AT&T.[5] In a letter dated March 9, 1992, Hanna advised the EEOC that his status had changed and that he would be laid off as of September 1, 1992.[6]

On June 8, 1992, Hanna informed the EEOC that he wished to withdraw his two pending discrimination charges. The EEOC honored that request and closed its investigation of those charges on June 9, 1992. He was discharged by AT&T on September 1, 1992. On September 25, 1992, 108 days after the EEOC terminated its consideration of his charges, Hanna and five other individuals filed this age discrimination action against AT&T.

In August, 1993, AT&T filed its motion for summary judgment on the ground that, as to Hanna, the suit was untimely because it was not filed within 90 days of the EEOC's termination of its investigation of his charges. The district court denied the motion on concluding that the new statute of limitations for ADEA actions enacted in 1991 did not affect Hanna's claims. AT&T moved for reconsideration, and Hanna responded, contending, *inter alia,* that even if the 90-day statute of limitations did apply, it had been tolled on the facts of his case. The district court denied the motion for reconsideration.

After the parties consented to proceed before a magistrate judge, AT&T filed a renewed motion for summary judgment in March, 1996, relying on the same statute of limitations argument made earlier. In his brief response, Hanna urged that the court should reject AT&T's attempt to relitigate a previously decided issue. However, this time the magistrate judge granted the motion and entered final judgment against Hanna. Hanna filed this appeal from that judgment.

## II. STANDARD OF REVIEW

We review a district court's grant of summary judgment *de novo. Wouters v. Martin County, Florida,* 9 F.3d 924, 928 (11th Cir.1993).

## III. DISCUSSION

---

[5]Deposition of David V. Hanna, pp. 65-66.

[6]R.1-27, Exh. 7.

*A. Applicable Statute of Limitations.*

As noted above, prior to November 21, 1991, the statute of limitations for ADEA causes was three years for willful violations and two years for non-willful violations. In the CRA, Congress amended the statute in favor of a single statute of limitations which mirrored that in Title VII actions, i.e., suit must be filed within 90 days of the plaintiff's receipt of a notice of the termination of administrative proceedings from the EEOC. In this case, the conduct which was the subject of Hanna's EEOC complaints occurred prior to the enactment of the CRA, but the EEOC's termination of administrative proceedings and the filing of this suit occurred after its enactment. For that reason, the parties disagree as to which statute of limitations governs this case.

Hanna claims that the magistrate judge erred in applying the new 90-day limitations period to his charges. He argues that Congress, in enacting the CRA, was expressly seeking to overturn several Supreme Court decisions limiting the remedies available to victims of discrimination and that the change in the statute of limitations for ADEA actions was simply to eliminate the confusion that had previously existed because of the dual limitations periods. Therefore, in his view, Congress could not have intended for victims of age discrimination to lose rights which had already accrued at the time the CRA became law. He asserts that the contrary courts of appeals' decisions relied upon by the district court were wrongfully decided because they did not take into account Congress' manifest concern that age discrimination claimants not lose their rights. Hanna also argues that, under the appropriate retroactivity analysis, the new limitations period incorporated into the ADEA itself is a substantive restriction on the right rather than a procedural limitation on the remedy. If that is true, according to Hanna,, the pre-CRA limitations period should govern his cause of action.

AT&T defends the court's application of the 90-day limitations period to Hanna's complaint. It notes that all three courts of appeals that have decided which statute of limitations affects claims such as Hanna's, where the defendant's conduct occurred prior to the enactment of the CRA but the termination of EEOC proceedings and the filing of the lawsuit occurred after its enactment, have held that the 90-day statute prevails in such cases. Further, it maintains that, even under retroactivity

4

analysis, the limitations provision in the CRA is procedural in nature and, therefore, should be applied retroactively to Hanna's claims.

All three courts of appeals which have addressed this problem have ruled that 90 days is the proper limitations period for claims such as Hanna's. *See St. Louis v. Texas Worker's Compensation Commission,* 65 F.3d 43 (5th Cir.1995), *cert. denied,* --- U.S. ----, 116 S.Ct. 2563, 135 L.Ed.2d 1080 (1996); *Garfield v. J.C. Nichols Real Estate,* 57 F.3d 662 (8th Cir.), *cert. denied,* --- U.S. ----, 116 S.Ct. 380, 133 L.Ed.2d 303 (1995); *Vernon v. Cassadaga Valley Central School District,* 49 F.3d 886 (2d Cir.1995).[7] *See also Forest v. U.S. Postal Service,* 97 F.3d 137, 140 (6th Cir.1996)(applying new 90-day limitations period in Title VII action); *Wilson v. Pena,* 79 F.3d 154, 162 (D.C.Cir.1996)(same). These courts found that there was no real retroactive application problem in these cases because the statute of limitations concerns the plaintiff's conduct in filing the complaint, not the allegedly discriminatory acts of the defendant. Since the termination of the EEOC's administrative proceedings and the filing of the lawsuit occurred after the effective date of the 90-day limitations period, it properly controls Hanna's causes. *See, e.g., St. Louis,* 65 F.3d at 46.

Even assuming that application of the 90-day period were retroactive, these courts found that result permissible because the ADEA limitations period is a procedural rather than substantive requirement which may be properly used in cases pending at the time of its enactment. *See Garfield,* 57 F.3d at 665. While this court has not addressed this precise question, the Second, Fifth and

---

[7]In *Grayson v. K Mart Corp.,* 79 F.3d 1086 (11th Cir.1996), a panel of this court described the change in the statutes of limitations for ADEA actions in the following language:

> If the demotion occurred prior to November 21,1991, the effective date of the Civil Rights Act of 1991, the plaintiff then has two years from the date of his demotion to begin a civil action for a non-willful violation of the ADEA; or three years to begin a civil action for a willful violation of the ADEA.... If the demotion occurred on or after November 21, 1991, then the two-year and three-year statutes of limitations no longer apply, and the plaintiff instead must begin a civil action within ninety days after the date of his receipt of the EEOC's notice that his charge was filed. *Id.* at 1100 (citations and footnote omitted). Since this statement was not a part of any holding in the case, it is dicta, and we are not bound by it. *See Great Lakes Dredge and Dock Co. v. Tanker Robert Watt Miller,* 957 F.2d 1575, 1578 (11th Cir.1992).

Eighth Circuit Courts of Appeals appear to have decided this question correctly. Hanna has not presented any persuasive authority to the contrary. Accordingly, we affirm the district court's decision on the applicable statute of limitations.

*B. Tolling of the Limitations Period.*

At the outset, AT&T contends that Hanna has waived any equitable tolling argument because he did not "properly" raise it in the district court. According to AT&T, Hanna could have preserved this issue for appellate review only if he had pursued it in opposition to AT&T's renewed motion for summary judgment before the magistrate judge and at the hearing on that motion. Hanna replies that he did raise the issue in the district court but simply did not argue it in response to AT&T's third effort to obtain summary judgment on the limitations issue.

In support of its position, AT&T cites this court's decision in *Concerned Citizens of Hardee County v. Hardee County Board of Commissioners,* 906 F.2d 524, 527 (11th Cir.1990). That case stands for the general proposition that this court will not consider an issue that is presented for the first time on appeal. That is not the case here. Hanna did assert an equitable tolling argument in the district court. He simply did not reiterate it the third time AT&T sought summary judgment on the limitations question. Consequently, Hanna has properly preserved the issue for appellate review.

On the merits of this issue, Hanna contends that the district court erred in not considering the applicability of equitable tolling to this case. He asserts that, under clear precedent from the Supreme Court and this court, equitable tolling applies when action or inaction by the EEOC causes a plaintiff to delay the filing of a lawsuit. He notes that, in each of the three appellate decisions relied on by the district court, the EEOC sent the claimant a right-to-sue letter which informed the charging party that a lawsuit must be filed within two years of the allegedly discriminatory conduct under the old statute or within 90 days of receipt of this letter under the new statute, whichever is earlier. Therefore, in those cases, there was no basis for equitable tolling. In contrast, the EEOC letter to Hanna simply stated that his request to withdraw his complaints was granted. It did not inform him of his right to sue or of either of the potentially applicable statutes of limitation. In

6

addition, one of Hanna's attorneys contacted the EEOC investigator assigned to his case in the summer of 1992 to inquire if a right-to-sue notice had been issued to his client. The EEOC investigator told the attorney that no notice had been issued to Hanna because his case was governed by the old two-year or three-year statute of limitations.[8]

On the other hand, AT&T argues that there can be no equitable tolling without misconduct on the part of the defendant which induces the plaintiff to allow the deadline for filing suit to pass. Furthermore, it argues that the EEOC's letter to Hanna satisfied the statute by giving clear notice that it was terminating processing of Hanna's complaints. According to AT&T, Hanna had 90 days from receipt of that letter to file this lawsuit and his failure to do so now bars these causes of action.

In arguing that the doctrine of equitable tolling may not be invoked in this case because it has not engaged in any misconduct which led Hanna to defer filing suit in a timely fashion, AT&T appears to be confusing, as apparently do many litigants and courts, the doctrines of equitable tolling and equitable estoppel. Equitable estoppel does require an allegation of misconduct on the part of the party against whom it is made, but equitable tolling does not require any misconduct on the part of the defendant. *See generally Dring v. McDonnell Douglas Corp.,* 58 F.3d 1323, 1328-29 (8th Cir.1995).

The Supreme Court has held "that the statutory time limits applicable to lawsuits against private employers under Title VII are subject to equitable tolling." *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 95, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990)(footnote omitted). As the Second Circuit Court of Appeals has observed, the remedial purposes of civil rights legislation "would be defeated if aggrieved plaintiffs were absolutely barred from pursuing judicial remedies by reason of excusable failure to meet the time requirement." *Johnson v. Al Tech Specialties Steel Corp.,* 731 F.2d 143, 146 (2d Cir.1984). In an early race discrimination case, the Ninth Circuit

---

[8]AT&T contends that the affidavit supplied by Hanna's attorney regarding the statement made to him by the EEOC investigator is inadmissible hearsay. *See* Red Brief at 33. Since the statement made by the EEOC official is not being offered for the truth of the matter contained therein, it is not hearsay. *See* Fed.R.Evid. 801(c).

7

Court of Appeals held that the limitations period for filing suit was tolled because the EEOC letter to the charging party, although informing her that it was closing her case, did not inform her of her right to sue or of the time period for doing so. *Gates v. Georgia-Pacific Corp.,* 492 F.2d 292, 295 (9th Cir.1974). In rejecting an equitable tolling argument in a later discrimination case, the Supreme Court referred to the *Gates* decision as one where the claimant received inadequate notice and suggested that equitable tolling might apply in such a situation. *See Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 1725-26, 80 L.Ed.2d 196 (1984).

In several early decisions, this court's predecessor held that when a plaintiff's complaint was untimely as a result of confusing communications from the EEOC, equitable considerations required that the plaintiff's case be permitted to proceed. *See, e.g., Page v. U.S. Industries, Inc.,* 556 F.2d 346, 351 (5th Cir.1977); *Zambuto v. American Telephone & Telegraph Co.,* 544 F.2d 1333 (5th Cir.1977). The doctrine of equitable tolling has also been followed where the court led the plaintiff to believe she had done all that was required of her, *see Carlile v. South Routt School District RE 3-J,* 652 F.2d 981 (10th Cir.1981); or where a motion for the appointment of counsel was pending, *see Harris v. Walgreen's Distribution Center,* 456 F.2d 588 (6th Cir.1972).

The circumstances of this case are more compelling that those in *Gates.* While in both cases the EEOC sent the charging party a letter stating that administrative proceedings were being terminated but failing to inform the claimant of his/her right to sue or of the time limits for doing so, in this case, an EEOC investigator also told Hanna's lawyer that the old, pre-CRA statute of limitations applied to his case. On this unique, specific set of facts, we hold, and our holding is a very narrow one, that the statute of limitations was tolled for the 18 days that Hanna's complaint was untimely. For that reason, the judgment of the district court is REVERSED and the case REMANDED for proceedings not inconsistent with this opinion.