**Anthony A'VE, Plaintiff–Appellant,**

v.

**MICHIGAN DEPARTMENT OF CORRECTIONS, Defendant–Appellee.**

No. 00–2210.

United States Court of Appeals, Sixth Circuit.

June 7, 2001.

294

Before RALPH B. GUY, JR., BOGGS, and GILMAN, Circuit Judges.

### ORDER

This pro se Michigan litigant appeals a district court judgment dismissing his complaint filed pursuant to Title VII, 42 U.S.C. § 2000e *et seq.* This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, corrections officer Anthony A've sued his employer, the Michigan Department of Corrections (MDOC), claiming that: 1) the MDOC retaliated against him for filing an internal harassment complaint in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.;* 2) the MDOC somehow caused him to suffer physical and emotional injuries as a result of the alleged

Title VII civil rights violations; and 3) because he is a member of the Baha'i faith, the MDOC discriminated against him in violation of the First Amendment and Title VII.

The MDOC moved the district court pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the complaint on the ground that A've failed to produce a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC). Thereafter, MDOC unearthed A've's right-to-sue letter and revealed its discovery to the district court in an amended motion to dismiss. The MDOC argued in its amended motion that the complaint should be dismissed on the ground that A've failed to comply with the statutory requirement that he bring his Title VII claims within ninety days of receipt of his right-to-sue letter. Before the district court had an opportunity to review MDOC's amended motion to dismiss, the court dismissed A've's case in its entirety because A've had not obtained a right-to-sue letter from the EEOC.

In his timely appeal, A've essentially reasserts the claims that he set forth in the district court.

■ This court may affirm a decision of the district court if that decision is correct for any reason, including a reason not considered by the district court. *City Mgmt. Corp. v. U.S. Chem. Co.,* 43 F.3d 244, 251 (6th Cir.1994).

■ A district court's decision to dismiss a civil complaint pursuant to Fed. R.Civ.P. 12(b)(6) is a question of law, and this court reviews de novo a district court order dismissing a suit for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir.1996). The court must construe the complaint in a light most favorable to the plaintiff, accept his factual allegations as true, and determine whether

the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Id.*

Upon review, we conclude that the district court properly dismissed A've's complaint because a complaint filed under Title VII must be filed within ninety days after the complainant receives a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e–5(f)(1); *Forest v. United States Postal Serv.,* 97 F.3d 137, 140–41 (6th Cir. 1996). The time limits for filing Title VII actions are not jurisdictional and may be tolled. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). However, equitable tolling or waiver is available only in compelling cases which justify a departure from established procedures. *Puckett v. Tennessee Eastman Co.,* 889 F.2d 1481, 1488 (6th Cir.1989).

A've did not fulfill the prerequisites for filing his complaint. A review of the record reflects that A've filed an administrative complaint, and the EEOC issued a right-to-sue letter dated July 15, 1998. However, A've did not file his complaint in the district court until October 1, 1999, more than ninety days after he had received his right-to-sue letter (441 days). Moreover, A've has not alleged any facts that would justify equitable tolling, and none is apparent from the record.

To the extent A've asserts additional claims not raised in his EEOC complaint, the claims are foreclosed. *See Dennis v. County of Fairfax,* 55 F.3d 151, 156 (4th Cir.1995).

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.