**Gregory L. TAYLOR, Plaintiff–Appellant,**

v.

**UNITED STATES GOVERNMENT and its agency United States Postal Service, Defendants–Appellees.**

No. 00–2311.

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2001.

Before CLAY and GILMAN, Circuit Judges; WISEMAN, District Judge.[*]

Gregory L. Taylor, proceeding pro se, appeals a district court judgment dismissing his employment discrimination suit purportedly filed pursuant to 42 U.S.C. § 1981. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Taylor filed suit against the United States government and the United States Postal Service ("USPS") for discriminating against him. Taylor, an African–American male, asserted that the USPS's examination system was racially discriminatory and had prevented him from becoming a career employee from 1984 to 1995. A magistrate judge recommended granting summary judgment in favor of the government on the basis of claim preclusion. The district court did so, over Taylor's objections and upon de novo review.

In his timely appeal, Taylor reasserts his claim.

■ Initially, we construe the action as filed pursuant to Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e–5 et seq. Title VII is the exclusive means for a federal employee to bring a claim of race discrimination in federal court. *See Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Forest v. United States Postal Serv.*, 97 F.3d 137, 141 (6th Cir.1996).

Upon de novo review, we conclude that the district court properly granted summary judgment to the government on the basis of claim preclusion. *See* Fed. R.Civ.P. 56(c); *Harrow Prods., Inc. v. Liberty Mut. Ins. Co.*, 64 F.3d 1015, 1019 (6th Cir.1995); *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir.1994). Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated and as to every theory of recovery that could have been presented. *See Black*, 15 F.3d at 582.

■ Taylor's action is barred by claim preclusion. Taylor previously raised the same claim against the USPS and the Postmaster General in *Taylor v. Runyan*, No. 98–70514, filed February 5, 1998, in the district court. The action was voluntarily dismissed with prejudice on May 5,

[*] The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

1999, by stipulation of the parties. A dismissal with prejudice operates as a rejection of the plaintiff's claims on the merits and the doctrine of claim preclusion bars further litigation. *See United States v. One Tract of Real Property*, 95 F.3d 422, 426 (6th Cir.1996). Consequently, Taylor's instant complaint may not be reviewed on the merits, even though he names slightly different defendants.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.