101 F.3d 702
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sandra K. FINGERS, individually and on behalf of her
deceased son, Kinon B. Fingers, a minor, Plaintiff-Appellant,
v.
JACKSON-MADISON COUNTY GENERAL HOSPITAL DISTRICT, a
governmental entity, Bolivar Community Hospital,
Inc., McNairy County General Hospital, Defendants,
Shelby County Healthcare Corporation d/b/a the Regional
Medical Hospital Center, Methodist Hospital of
Fayette, Inc., Lebonheur Childrens
Medical Center, Inc.,
Defendants-Appellees.
 No. 95-5903.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1996.
 
 Before: JONES, BOGGS and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Sandra K. Fingers appeals the district court's dismissal of her suit alleging that defendants breached federal and state duties to provide emergency treatment to her deceased son, Kinon B. Fingers. Finding no error, we affirm the judgment of the district court.
 
 I.
 
 2
 The unfortunate facts of this case, as presented by the plaintiff, are as follows. On October 2, 1993, fifteen-year-old Kinon B. Fingers arrived at Bolivar Community Hospital ("Bolivar") with an accidental, self-inflicted gunshot wound. Because Bolivar did not have a surgeon available, the emergency room physician, Dr. Mark Dixon, attempted to transfer Kinon to other hospitals.
 
 
 3
 Dr. Dixon first contacted Jackson-Madison County General Hospital ("Jackson-Madison"), which refused to accept Kinon's transfer. Dr. Dixon then contacted McNairy County General Hospital ("McNairy"), Shelby County Health Care Corporation d/b/a The Regional Medical Center ("Shelby"), Methodist Hospital of Fayette County ("Methodist"), and LeBonheur Children's Medical Center ("LeBonheur") concerning the possible transfer of Kinon. All refused to accept his transfer. Dr. Dixon for the second time contacted Jackson-Madison, which again refused Kinon's transfer. Two hours after his arrival at Bolivar, Kinon died.
 
 
 4
 Kinon's mother, Sandra Fingers, filed this action in district court alleging that the hospitals violated the Emergency Medical Treatment and Active Labor Act ("EMTALA") (42 U.S.C. § 1395dd) and Tenn.Code Ann. § 68-140-301, by refusing to accept Kinon's transfer and/or provide emergency service in a life-threatening situation. Because the claims against Bolivar, McNairy and Jackson-Madison have been voluntarily dismissed, we need only address the claims against defendants Shelby, LeBonheur and Methodist.
 
 
 5
 Defendants Shelby, Lebonheur and Methodist responded to Fingers's complaint by filing motions to dismiss, or in the alternative, for a more definite statement. Fingers did not file a responsive pleading to the defendants' motions. The district court granted the defendants' motions to dismiss with respect to the EMTALA claims, holding that no duty to examine or treat a patient arises under EMTALA if the patient was never physically presented to a hospital. Because Dr. Dixon only contacted the defendant hospitals concerning the transfer of his patient, Kinon was never physically presented to the hospitals, and therefore the court ruled that they could not have violated EMTALA. The court declined to accept pendent jurisdiction, dismissing all state claims against the defendants without prejudice. Sandra Fingers filed a timely notice of appeal of the dismissal of her EMTALA claims.
 
 II.
 
 6
 We review de novo a district court's dismissal of a complaint under Fed.R.Civ.P. 12(b)(6). Taxpayers United for Assessment Cuts v. Austin, 994 F.2d 291, 296 (6th Cir.1993). We must treat all of the well-pleaded allegations of the complaint as true. Bower v. Federal Express Corp., 96 F.3d 200, 203 (6th Cir.1996). "Our review is essentially the same as the district court's; We 'take the plaintiff's factual allegations as true and if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief, then ... dismissal is proper.' " Forest v. United States Postal Serv., 97 F.3d 137, 139 (6th Cir.1996) (quoting American Eagle Credit Corp. v. Gaskins, 920 F.2d 352, 353 (6th Cir.1990)). While it is liberal, this standard of review does require more than the bare assertion of legal conclusions. Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir.1993). A complaint must contain either direct or inferential allegations with respect to all the material elements necessary to sustain a recovery under some viable legal theory. Id.; see also Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987) (legal conclusions and unwarranted factual inferences are not accepted as true under Rule 12(b)(6) review); Ada Leon T. v. Federal Reserve Bank, 823 F.2d 928, 930 (6th Cir.) (mere conclusions are not afforded liberal Rule 12(b)(6) review), cert. denied, 484 U.S. 945 (1987).
 
 
 7
 Fingers's complaint is premised on the duties hospitals owe to those seeking emergency care under EMTALA, codified in 42 U.S.C. § 1395dd. EMTALA was passed by Congress in response to reports that some patients with inadequate financial resources were not provided the same medical screening as paying patients, or were summarily transferred or discharged without the same consideration given to paying patients.[1] See Cleland v. Bronson Health Care Group, Inc., 917 F.2d 266, 268 (6th Cir.1990).
 
 
 8
 The complaint first alleges that, under EMTALA, the defendants had a "duty to provide emergency treatment to deceased plaintiff until the emergency condition was stabilized." A hospital's duty to screen and treat patients on an emergency basis is set forth in 42 U.S.C. § 1395dd(a) and (b). Hospitals with an emergency department must conduct an appropriate medical screening examination for any individual who "comes to the emergency department" to request such services. 42 U.S.C. § 1395dd(a). Any individual who "comes to" a hospital and is determined to have an emergency medical condition must receive appropriate treatment as required to stabilize the medical condition or, if appropriate under the statute, a hospital must provide for the transfer of the individual to another medical facility. 42 U.S.C. § 1395dd(b). The plain language of subsections (a) and (b) clearly requires that an individual be physically presented to a hospital in order to trigger that hospital's duties. This conclusion is in accord with the decisions of the circuits which have addressed this issue, and with federal regulations. See Miller v. Medical Ctr., 22 F.3d 626, 629 (5th Cir.1994) (injured, uninsured child did not "come to" the emergency department as required under EMTALA when the defendant hospital was merely called and refused to accept the child over the phone); Johnson v. University of Chicago Hosps., 982 F.2d 230, 233 (7th Cir.1992) (telemetry operator from defendant hospital located only five blocks from ambulance directed ambulance to transport an infant that had stopped breathing to a more distant hospital and infant subsequently died; court upheld dismissal of claim because baby never "came to" defendant hospital). See also 42 C.F.R. § 489.24(b) (1995) ("Comes to the emergency department means, with respect to an individual requesting examination or treatment, that the individual is on the hospital property ...").
 
 
 9
 Fingers's complaint does not allege that Kinon was physically presented to Shelby, LeBonheur or Methodist hospitals, and in fact establishes quite the opposite. Therefore, Fingers can prove no set of facts in support of her claim that would entitle her to relief under 42 U.S.C. § 1395dd(a) or (b).
 
 
 10
 Fingers's complaint also alleges that defendant hospitals had a "duty to accept the appropriate transfer of the deceased." On appeal, Fingers argues that defendants violated that duty as set forth under 42 U.S.C. § 1395dd(g). Subsection (g) provides:
 
 
 11
 (g) Nondiscrimination
 
 
 12
 A participating hospital that has specialized capabilities or facilities (such as burn units, shock-trauma units, neonatal intensive care units or (with respect to rural areas) regional referral centers as identified by the Secretary in regulation) shall not refuse to accept an appropriate transfer of an individual who requires such specialized capabilities or facilities if the hospital has the capacity to treat the individual.
 
 
 13
 42 U.S.C. § 1395dd(g).
 
 
 14
 Therefore, EMTALA only requires a hospital to accept the appropriate transfer of a patient from another hospital if the receiving hospital has specialized capabilities or facilities which the patient requires, and has the capacity to treat the patient.[2] Id. Fingers asserts on appeal that comments within 42 C.F.R. Part 1003 illustrate the duty imposed on defendant hospitals to accept the transfer of Kinon Fingers. We note that these comments were published on June 22, 1994, eight months after the October 2, 1993 accident. Even assuming their applicability, Fingers's complaint fails to make any direct or even inferential allegations as to any of the essential elements under 42 U.S.C. § 1395dd(g).[3] See Allard, 991 F.2d at 1240. The complaint contains no allegations with respect to the specialized capabilities or facilities of the defendant hospitals, or whether defendants had the capacity to treat Kinon.
 
 
 15
 While our review of Fingers's complaint must be liberal, the bare assertion of legal conclusions cannot survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6). Id.; Morgan, 829 F.2d at 12; Ana Leon T., 823 F.2d at 930. After the defendants filed their motions to dismiss, Fingers neither responded nor moved to amend her complaint in order to provide the defendants notice of what legal theory they were to defend against. We, like the district court, must therefore look only to Fingers's initial complaint in order to determine the appropriateness of granting a Rule 12(b)(6) motion. "The appellate court will accept the facts pleaded as true but has no obligation to conjure up unpleaded allegations, and will not accept arguments raised for the first time on appeal." 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 116 (Supp.1996). Accordingly, taking all allegations pleaded in Fingers's complaint as true, we find that she cannot support a claim under 42 U.S.C. § 1395dd.
 
 III.
 
 16
 For the foregoing reasons, the judgment of the district court must be AFFIRMED.
 
 
 
 [1]
 The hospitals covered by EMTALA are those with emergency departments that execute Medicare provider agreements with the federal government pursuant to 42 U.S.C. § 1395cc. Burditt v. Department of Health and Human Servs., 934 F.2d 1362, 1366 (5th Cir.1991)
 
 
 [2]
 Our decision does not require us to determine whether the definition provided under 42 U.S.C. § 1395dd(c) for the term "appropriate transfer" is controlling under subsection (g)
 
 
 [3]
 Fingers complains that she was not given the opportunity to conduct discovery before dismissal of her action and that discovery may have produced evidence to support her allegations. We note that Fingers never requested that the district court afford her the opportunity to conduct discovery before ruling on the motions to dismiss