**Jun E. PAK, Petitioner/Plaintiff,**

v.

**Janet RENO, Attorney General, et al., Respondents/Defendants.**

No. 1:98 CV 740.

United States District Court,
N.D. Ohio,
Eastern Division.

May 29, 1998.

David Wolfe Leopold, Cleveland, OH, for Plaintiff.

Kathleen L. Midian, Office of the United States Attorney, Cleveland, OH, for Defendants.

### Memorandum of Opinion and Order

GAUGHAN, District Judge.

#### Introduction

This matter is before the Court upon defendants' Motion to Dismiss (Doc. 6). This case arises out of the threatened deportation of plaintiff to South Korea. For the following reasons, the Motion is DENIED and plaintiff's Petition for Writ of Habeas (Doc.

1) is GRANTED to the extent that this matter is hereby remanded to the Board of Immigration Appeals for further proceedings to allow plaintiff to pursue his claim for § 212(c) relief.

### I. Statutory Overview

Prior to 1996, the Immigration and Nationality Act (hereafter, the INA) governed matters of deportation of aliens. The following provisions are applicable to the case before this Court.

#### A. Former INA

Under former INA § 241(a)(2)(A)(iii) and § 241(a)(2)(B)(I), 8 U.S.C. § 1251, certain classes of aliens were considered deportable:

**§ 1251. Deportable aliens**

    **a. Classes of deportable aliens.** Any alien ... in the United States shall, upon the order of the Attorney General, be deported if the alien is within one or more of the following classes of deportable aliens:

**2. Criminal offenses**

**(A) General crimes**

    **(iii) Aggravated felony.** Any alien who is convicted of an aggravated felony at any time after entry is deportable.

**(B) Controlled Substances**

    **(I) Conviction.** Any alien who at any time after entry has been convicted of a violation of ... any law .... relating to a controlled substance...

Under former INA § 212(c), 8 U.S.C. § 1182(c), some discretionary relief was available to otherwise deportable aliens:

Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions [enumerating classes of aliens who are excluded admission to the United States] ... [1]

---

1. Thus, this section gives the Attorney General the discretionary authority to waive the exclusion of an otherwise excludable alien. "A longstand-

ing interpretation of [this] section extends the Attorney General's discretion to otherwise de-

Under former INA § 106(a), 8 U.S.C. § 1105a(a), judicial review of deportation orders was exclusively in the court of appeals:

> The procedure prescribed by, and all the provisions of chapter 158 of title 28, shall apply to, and shall be the sole and exclusive procedure for, the judicial review of all final orders of deportation ...

Former INA § 106a(a)(10), 8 U.S.C. § 1105a(a)(10), provided for review by habeas corpus proceedings:

> **Habeas Corpus.** any alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings.

In 1996, two acts amended the INA. The Anti–Terrorism and Effective Death Penalty Act (hereafter, AEDPA) was enacted on April 24, 1996 and the Illegal Immigration Reform and Immigrant Responsibility Act (hereafter, the IIRIRA) was enacted on September 30, 1996. Generally, these two acts eliminated the right of criminal aliens to seek a § 212(c) waiver and recodified the provisions with respect to judicial review.

### B. *AEDPA*

AEDPA § 440(d) amended INA § 212(c) and eliminated the right of aliens convicted of, *inter alia*, criminal offenses of aggravated felony and controlled substance violation, to seek a waiver.[2]

§ 440(a) of the AEDPA amended former INA § 106a(a)(10), and eliminated judicial review of any final order of deportation issued against, *inter alia*, aliens who are deportable for committing crimes of aggravated felony and drug offense:

> (a) **JUDICIAL REVIEW.**—Section 106 of the Immigration and Nationality Act (8 U.S.C. § 1105a(a)(10)) is amended to read as follows:
>
> (10) Any final order of deportation against an alien who is deportable by reason of having committed [an aggra-

vated felony or crime involving a controlled substance] ... shall not be subject to review by any court.

8 U.S.C. § 1105a(a)(10). In addition to enacting § 440(a) which adds a new provision in place of former § 1105a(a)(10), AEDPA § 401(e) expressly struck the habeas corpus provision of former § 1105a(a)(10). AEDPA § 440(a) was codified at 8 U.S.C. § 1252(a)(2)(C), INA § 242(a)(2)(C):

> **Orders against criminal aliens.** Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed [an aggravated felony or crime involving a controlled substance].

### C. *IIRIRA*

§ 306 of the IIRIRA rewrote 8 U.S.C. § 1252, governing judicial review, INA § 242. Thus, 8 U.S.C. § 1252(a)(1) now provides that all final orders of removal (deportation) are reviewable only by the court of appeals and § 1252(b)(1) requires that petitions for review be filed within 30 days of the final order of removal. Most importantly, IIRIRA § 306(a) amended § 242 of the INA, by adding the following provision:

> (g) **EXCLUSIVE JURISDICTION.** Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

INA § 242(g), 8 U.S.C. § 1252(g). This section, by the IIRIRA's own terms, applies "without limitation to claims arising from all past, pending, or future exclusion, deportation, or removal proceedings under such act." § 306(c)(1).[3]

---

portable aliens." *Kolster v. INS*, 101 F.3d 785, 787 (1st Cir.1996).

**2.** The IIRIRA then repealed § 212(c) effective April 1, 1997 and replaced it with a new form of prospective relief. However, this is inapplicable to plaintiff because the section only applies to proceedings initiated after April 1, 1997. IIRIRA § 309(c)(1).

**3.** While there is some discussion among the courts as to whether § 242(g) was effective on September 30, 1996 or April 1, 1997, all courts agree that the language of § 306(c)(1) indicates a clear intent to apply this section retroactively. Therefore, because the case before this Court was filed after April 1, 1997, § 242(g) applies.

The IIRIRA § 309 contains two sets of provisions with respect to effective dates of the statute, transitional and permanent. The transitional rules apply here as the deportation proceedings commenced before April 1, 1997 and the deportation order became final after October 30, 1996. IIRIRA § 309(c)(4)(G). This section provides, "there shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed a criminal offense [of aggravated felony or controlled substance]."

## II. *Facts*

Plaintiff/petitioner, Jun E. Pak (hereafter, plaintiff), commenced this action with the filing of a Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief against defendants/respondents (hereafter, defendants), Janet Reno (Attorney General), Doris Meissner (Commissioner of Immigration and Naturalization Service), Immigration and Naturalization Service, Department of Justice and Robert Brown (District Director, Immigration and Naturalization Service, Ohio District). The individual defendants are sued in their official capacity. Plaintiff also filed a Motion for Temporary Restraining Order which was subsequently withdrawn.

The Complaint alleges the following facts which are generally not disputed and are accepted as true in the proceeding on a motion to dismiss. Plaintiff is a native and citizen of South Korea. He has been a permanent resident of the United States since entering this country in 1976. On June 9, 1994, plaintiff was convicted of criminal drug offenses (drug trafficking, possession of controlled substance and possession of criminal tools) in Cuyahoga County Common Pleas Court. Plaintiff was sentenced to imprisonment and served approximately three and one half years.

In December 1994, while plaintiff was incarcerated, the Immigration and Naturalization Service (hereafter, INS) issued and served upon him an order for plaintiff to show cause as to why he should not be deported pursuant to former INA § 241(a)(2)(A)(iii) and § 241(a)(2)(B)(I), 8 U.S.C. § 1251. The Immigration Judge conducted a hearing while plaintiff remained incarcerated by the State of Ohio and plaintiff was found to be deportable

In 1995, plaintiff requested a waiver of deportation pursuant to former INA § 212(c), 8 U.S.C. § 1182(c). After hearing evidence on plaintiff's request for a waiver of deportation but before the Immigration Judge issued his decision, the Immigration Judge held that plaintiff was not statutorily eligible to apply for § 212(c) relief, refused to consider the merits of his application and ordered him deported to South Korea. This ruling was based on § 440(d) of the newly enacted AEDPA which precludes aliens who are deportable for having committed criminal offenses (including aggravated felonies and violations of controlled substance laws) from being eligible for waiver. On March 12, 1997, the Board of Immigration Appeals (hereafter, BIA) affirmed the deportation order and held that plaintiff was not statutorily eligible for § 212(c) relief. The latter ruling was based upon an Attorney General opinion which held that § 440(d) of the AEDPA applies retroactively to eliminate § 212(c) relief for this category of aliens. *Matter of Soriano,* BIA Int. Dec. No. 3289 (Atty.Gen. Feb. 21, 1997).

On March 30, 1998, plaintiff filed this Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief The Petition for Writ of Habeas Corpus seeks to vacate the final order of deportation and to have this matter remanded to the BIA for further proceedings to allow plaintiff an opportunity to apply for § 212(c) relief. Plaintiff asserts that the Court has jurisdiction to review his Writ pursuant to 28 U.S.C. § 2241 (power to grant Writ given to, *inter alia,* district courts) and the Suspension Clause of the United States Constitution. In support of his Complaint, plaintiff sets forth two counts. Count One alleges that § 440(d) of the AEDPA does not apply retroactively as it would improperly eliminate § 212(c) relief Count Two alleges that § 440(d) of the AEDPA violates the Equal Protection Clause of the United States Constitution as it denies relief to some immigrants which preserving it for others.

This matter is now before the Court upon defendants' Motion to Dismiss for lack of

jurisdiction and, alternatively, if the Court exercises jurisdiction, failure to state a claim.

### III. *Standard of Review*

#### (lack of jurisdiction)

Presumably, defendants move to dismiss for lack of subject matter jurisdiction (Federal Rule of Civil Procedure 12(b)(1)). In *Madison–Hughes v. Shalala,* 80 F.3d 1121, 1130 (6th Cir.1996), the court stated:

> When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. In addition, the district court is empowered to resolve factual disputes when necessary to resolve challenges to subject matter jurisdiction.

(citations omitted).

#### (failure to state a claim)

In considering defendants' motion to dismiss plaintiff's complaint, the allegations of the complaint must be taken as true and construed in a light most favorable to the plaintiff. The complaint is only to be dismissed if the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *Hammond v. Baldwin,* 866 F.2d 172 (6th Cir.1989). However, the complaint must set forth "more than the bare assertion of legal conclusions." *In Re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir.1993); *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988). "In practice, a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* Legal conclusions are not accepted as true nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson–Madison County General Hospital District,* 1996 WL 678233, No. 95–5903 (6th Cir. November 21, 1996). Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485 (6th Cir.1990).

### IV. *Discussion*

Defendants argue (1) this Court lacks jurisdiction to review the BIA's final order of deportation because of the enactment of the AEDPA and the IIRIRA and (2) even if this Court does have jurisdiction, the plaintiff cannot establish that the Attorney General's denial of discretionary relief from deportation constituted grave constitutional error, nor does plaintiff's equal protection argument present such a claim. Plaintiff asserts that as a matter of statutory interpretation, neither the AEDPA nor the IIRIRA repealed the general grant of habeas jurisdiction of 28 U.S.C. § 2241 given to district courts. As such, plaintiff asserts, this Court should exercise jurisdiction and find that the Attorney General incorrectly applied § 440(d) of the AEDPA to pending applications for § 212(c) discretionary relief from deportation.[4] For the following reasons, this Court finds that it does have jurisdiction and that § 440(d) should not have been applied retroactively to plaintiff's pending § 212(c) application.

In *Mansour v. INS,* 123 F.3d 423 (6th Cir.1997), the petitioner, a criminal alien, had filed a direct petition in the court of appeals, before the enactment of the AEDPA, seeking review of a BIA order. The court determined that § 440(a) applied to pending petitions and, therefore, the court lacked jurisdiction. Further, since "some avenue of judicial review remains available," § 440(a) was found not to be unconstitutional. *Id.* at 426. The court also stated in a footnote that because the case was before it on direct review of a deportation order, "we need not address the scope of review that is available on a petition for writ of habeas corpus. The parties dispute whether a final deportation order could be reviewed for errors of law, or only for grave constitutional errors. We leave resolution of that question for a case in which it is squarely presented." *Id.* at fn. 3.

---

4. The parties also present constitutional arguments with respect to whether the 1996 amendments violate the Suspension Clause, Due Process or Separation of Powers. However, because this Court has determined, as discussed below, that the 1996 amendments did not repeal this Court's general powers of habeas corpus jurisdiction, it need not reach the constitutional arguments.

Thus, *Mansour*, like all of the other circuit courts to address petitions for review of criminal aliens, determined that Congress can constitutionally preclude jurisdiction over such petitions and that some habeas corpus jurisdiction remains available. No circuit court, before *Goncalves v. Reno*, 144 F.3d 110 (1st Cir.1998), stated where such habeas jurisdiction was to be exercised (i.e., in the district or circuit court) or what the scope of such review would be (i.e., whether for grave constitutional errors or for errors of law as well.)

*Goncalves* decided that the district court was the appropriate forum and that habeas jurisdiction encompassed the resolution of the pure issue of law concerning whether Congress intended to make a particular provision of a statute retroactive. *Goncalves* involved the precise issues presented in the case before this Court. In *Goncalves*, petitioner was a permanent resident alien who was subject to deportation because he had committed certain crimes. He had filed an application for § 212(c) discretionary relief from deportation in 1994. While his application was pending, the AEDPA was enacted and his application was dismissed, without reaching its merits, based on the *Soriano* decision which found that Congress intended that § 440(d) apply retroactively. Petitioner filed a petition for habeas corpus in the district court. On appeal from the district court's dismissal, petitioner raised a pure issue of law challenging the Attorney General's interpretation of the retroactivity of the AEDPA as well as constitutional claims. The court of appeals rejected the government's contentions that petitioner should have filed in the court of appeals, that congress repealed § 2241 habeas jurisdiction and that no court may review the Attorney General's decision as to whether Congress intended § 440(d) to apply retroactively. The same arguments are made by the defendants in the case before this Court.

Defendants first assert that § 440(a) of the AEDPA eliminated judicial review of any final order of deportation issued against aliens who are deportable for committing crimes of aggravated felony and drug offense and that this prohibition has been incorporated into the INA by IIRIRA § 309(c)(4)(b) (making a transitional rule that governs the judicial review of orders issued after October 30, 1996). Moreover, defendants assert that the "exclusive jurisdiction" provision of newly enacted INA § 242(g) makes clear that any claim arising from the Attorney General's decision to commence proceedings, adjudicate cases and execute removal (deportation) orders may not be reviewed by a federal court except in the context of a challenge to a final order of removal in the court of appeals and clearly expresses Congress' intent to streamline the judicial review process by consolidating judicial review in the court of appeals. Defendants assert that the language of § 242(g) which states, "notwithstanding any other provision of law" did not have to expressly name 28 U.S.C. § 2241 in order to effectuate its intent to preclude district courts from reviewing claims and, in fact, includes § 2241.

*Goncalves* rejected the assertion that a criminal alien must present his challenge in the court of appeals and determined instead that the IIRIRA transitional rules, in fact, preclude such jurisdiction. Moreover, that court also rejected the contention that new INA § 242(g) was meant to consolidate all review in the courts of appeals. Rather, the court found that:

> The 'exclusive jurisdiction' title refers to the grants of jurisdiction provided in new INA § 242 as does the 'except as provided in this section' language. The language is not meant to consolidate all review in the courts of appeals; indeed, new INA § 242 has explicit provisions referring to jurisdiction in courts other than the courts of appeals ...

This Court agrees with the reasoning of the *Goncalves* court and finds that the plaintiff properly filed for habeas relief in the district court.

Defendants next assert that while former INA § 106a(a)(10) provided for review by habeas corpus proceedings, courts have construed this to mean in certain limited circumstances relating to matters collateral to such orders and not as a method to circumvent the exclusive jurisdiction of the court of appeals. Moreover, AEDPA § 401(e) repealed § 106a(a)(10).Thus, defendants contend that plaintiff's assertion that this Court should

exercise habeas corpus jurisdiction is nonsensical in that it would permit criminal aliens to obtain judicial review of their deportation orders in district court while non-criminal aliens would have to bring their timely challenges in the court of appeals. Further, defendants argue that *Felker v. Turpin,* 518 U.S. 651, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) is inapposite because the issue here is not whether in enacting laws restricting certain types of appellate habeas review, Congress repealed the Supreme Court's original habeas jurisdiction by implication, but whether Congress has demonstrated a "fairly discernable" intent to create a judicial review scheme that precludes aliens from challenging a final deportation order outside the context of a petition in the court of appeals. Defendants contend that such intent exists and is clear.

This Court rejects these arguments for the same reasons the First Circuit rejected them. The *Goncalves* court found that aliens traditionally have been able to obtain review of immigration decisions through a § 2241 petition and the court determined that *Felker* did indeed make clear that § 2241 may only be repealed by express congressional command, and not by implication. The court concluded that neither the language of IIRIRA § 309(c)(4), new INA § 242(g) nor that of AEDPA § 401(e), which explicitly repealed former INA § 106(a)(10), expressly repealed § 2241 jurisdiction. With respect to § 401(e) which repealed the INA's former habeas corpus section, the court explained:

> This provision ensured that such aliens would have a supplemental collateral remedy, and did not apply to aliens who could not obtain review under the APA [Administrative Procedure Act] judicial review provisions. Aliens without other recourse had traditionally been able to obtain review by habeas corpus, even in the face of statutory language precluding all other review. See *Heikkila v. Barber,* 345 U.S. 229, 233–35, 73 S.Ct. 603, 97 L.Ed. 972 (1953). In enacting AEDPA, Congress was concerned about abuses of duplicative judicial remedies, and the elimination of old INA § 106(a)(10) served that congressional purpose. It does not follow from the repealed of this provision of the INA that § 2241 habeas jurisdiction has been

repealed altogether in immigration cases. Had Congress wished to eliminate any possible habeas jurisdiction under 28 U.S.C. § 2241, it could easily have inserted an explicit reference, but it did not.

Finally, defendants acknowledge that some courts, including *Mansour,* have suggested, without deciding, that some judicial forum should remain available for constitutional challenges to deportation orders. Defendants contend, however, that such claims involving deprivation of constitutional rights should be brought in the court of appeals in keeping with the judicial review scheme created by Congress. As stated, *Goncalves* concluded that the court of appeals was not the proper forum. Moreover, the court also rejected the assertion that Congress intended to limit the scope of § 2241 review only to constitutional claims. Rather, § 2241 contemplated a challenge based on the "laws ... of the United States" which allows this Court to consider the retroactivity of AEDPA § 440(d). This Court agrees.

For these reasons, the Court will exercise jurisdiction over plaintiff's Petition for Writ of Habeas and must then determine whether AEDPA § 440(d) should be applied retroactively to plaintiff's pending application for § 212(c) relief.

■ *Goncalves* examined whether Congress intended for § 440(d)'s restrictions on § 212(c) discretionary relief to apply retroactively as found by *Soriano.* Again, the court's analysis was guided by Supreme Court decisions. *Landgraf v. USI Film Products,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) and *Hughes Aircraft Co. v. United States ex rel. Schumer,* 520 U.S. 939, 117 S.Ct. 1871, 138 L.Ed.2d 135 (1997). The court determined that the text of the AEDPA and its legislative history demonstrate that Congress did not intend that § 440(d) be applied retroactively. The text revealed that while other provisions were made expressly retroactive, the provision at issue contained no such language. The legislative history of the act was found to "further demonstrate" that Congress did not intend that the restrictions on relief should be applied retroactively, including that Congress considered such a provision of retroactivity

**1008**

and chose not to enact it. At least one district court has also reached the conclusion that *Soriano* decided wrongly that § 440(d) applied to pending applications for discretionary relief. *Mojica v. Reno,* 970 F.Supp. 130 (E.D.N.Y.1997).

This Court agrees with and accepts the reasoning of the First Circuit and finds that AEDPA § 440(d) should not have been applied retroactively to plaintiff's pending application for § 212(c) relief inasmuch as this was not the intent of Congress.

### V. *Conclusion*

For the foregoing reasons, defendants' Motion to Dismiss is DENIED and plaintiff's Petition for Writ of Habeas is GRANTED to the extent that this matter is hereby remanded to the Board of Immigration Appeals for further proceedings to allow plaintiff to pursue his claim for § 212(c) relief.

IT IS SO ORDERED.