863 F.2d 48
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond JACKSON, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, Defendant-Appellee.
 No. 88-1415.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1988.
 
 1
 Before ENGEL, Chief Judge, WELLFORD, Circuit Judge, and WILLIAM K. THOMAS, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Raymond Jackson brought this Fed.R.Civ.P. 60(b) motion for relief from judgment, claiming that he should have been allowed to amend his Title VII, 42 U.S.C. Sec. 2000e-16 complaint to include a claim under 42 U.S.C. Sec. 1981. The district court denied the motion as untimely and because Jackson could not bring a claim for employment discrimination under 42 U.S.C. Sec. 1981. Jackson raised the same claim on appeal. For relief, he requested a new trial.
 
 
 4
 Upon consideration, we affirm the district court's denial of the motion for the following reasons. First, a Fed.R.Civ.P. 60(b) motion was not the proper vehicle for the relief sought by Jackson. Fed.R.Civ.P. 60(b) is not a substitute for appeal, and where the claimed error is one which should have properly been challenged on appeal, relief will not be forthcoming under this rule. See Martinez-McBean v. Government of V.I., 562 F.2d 908, 911 (3d Cir.1977).
 
 
 5
 Second, even if the motion for relief from judgment were the correct vehicle for the relief sought, Jackson's motion was filed approximately eight months too late. A motion for relief from judgment must be made within a reasonable time, not more than one year after the judgment, order or proceeding was entered or taken. See Fed.R.Civ.P. 60(b). The district court held a hearing on the defendant's summary judgment motion on March 31, 1986, at the end of which Jackson orally requested leave to amend his complaint. The court then denied that request and granted the defendant's motion. Jackson did not file his motion for relief from judgment until November 27, 1987.
 
 
 6
 Thus, the district court properly denied this untimely motion.
 
 
 7
 Third, any amendment would have been futile because Jackson could not bring a 42 U.S.C. Sec. 1981 claim for federal employment discrimination. Section 717 of the Civil Rights Act provides the exclusive judicial remedy for federal employment discrimination claims. See Brown v. General Services Admin., 425 U.S. 820, 835 (1976).
 
 
 8
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William K. Thomas, Senior U.S. District Judge for the Northern District of Ohio, sitting by designation