**Arkan HAIO, Petitioner–Appellee,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE; Carol Jenifer, District Director, Respondents–Appellants.**

No. 98–1457.

United States Court of Appeals, Sixth Circuit.

Argued and Submitted: Aug. 12, 1999

Decided and Filed: Dec. 3, 1999

David K. Wenger (briefed), David K. Wenger & Associates, Detroit, Michigan, for Appellee.

H. Bradford Glassman (argued), U.S. Department of Justice, Office of Immigration Litigation, Quynh Vi (briefed), U.S. Department of Justice, Immigration Litigation, Civil Division, David M. McConnell (briefed), U.S. Department of Justice, Torts Branch, Civil Division, Washington, D.C., for Appellants.

Before: KRUPANSKY, BOGGS, and CLAY, Circuit Judges.

## OPINION

CLAY, Circuit Judge.

Respondents, the Immigration and Naturalization Service and Carol Jenifer, District Director, appeal from the district court's order entered on February 9, 1998, staying the deportation of Petitioner, Akran Haio; granting his petition for writ of habeas corpus which sought review of the final order of deportation; and remanding the case to the Board of Immigration Appeals ("BIA") to allow the BIA to address on appeal the limited factual issue of whether Petitioner served five years of his prison sentence. Based upon this Court's recent decision in *Pak v. Reno*, 196 F.3d 666 (6th Cir.1999), we AFFIRM the district court's order.

## BACKGROUND

Petitioner, a twenty-eight-year-old native citizen of Iraq, was admitted to the United States as an immigrant on August 22, 1977, and is a resident of Southfield, Michigan. Petitioner pleaded guilty in Michigan state court to the crime of delivery and manufacture of cocaine, and received a prison sentence of five to twenty-five years' imprisonment. Based on this conviction, the Immigration and Naturalization Service ("INS") instituted deportation proceedings against Petitioner on December 7, 1992, by issuing an Order to Show Cause charging Petitioner with deportation as an alien who has been convicted of a controlled substance offense and an aggravated felony.

On March 29, 1995, Petitioner appeared before an Immigration Judge ("IJ") and conceded deportability; however, he requested permission to file for relief under § 212(c) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1182(c). The IJ rejected Petitioner's argument that he had served less than five years of prison confinement—finding that Petitioner had served five years and two days in prison—and thus held Petitioner ineligible for § 212(c) relief and order him deported.

On May 31, 1996, Petitioner appealed this decision to the BIA. Petitioner argued that the IJ's computation of his prison sentence was erroneous. Specifically, Petitioner alleged that the IJ should not have counted the two days of Petitioner's pre-trial confinement and the two days of Petitioner's confinement beyond his release date as prison time for the purpose of determining eligibility for § 212(c) relief. While Petitioner's appeal was pending, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). On March 24, 1997, the BIA dismissed Petitioner's appeal on the basis that § 440(d) of AEDPA, as well as Attorney General Reno's decision in *Matter of Soriano*, BIA Int. Dec. No. 3289 (Att'y.

Gen. Feb. 21, 1997), rendered Petitioner statutorily ineligible for § 212(c) relief.

On April 24, 1997, Petitioner petitioned this Court for review of the BIA's decision denying him eligibility for § 212(c) relief. This Court dismissed the petition for review as untimely on May 6, 1997. *See Haio v. INS*, No. 97–3396 (6th Cir. May 6, 1997) (order denying petition for review of BIA's decision that Petitioner was ineligible for § 212(c) relief as untimely). This Court held that under the current judicial review procedures of the INA, as amended by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. 104–208, 110 Stat. 3009 (1996), an alien now has thirty days in which to petition for review of a final order of deportation or removal. *Id.* Because Petitioner did not file his review petition until the thirty-first day after the issuance of the BIA's deportation order, the Court concluded that it was without jurisdiction to consider the review petition or to extend the time for appeal. *Id.*

One day before Petitioner was to surrender to INS custody for deportation, on January 26, 1998, Petitioner filed a petition for a writ of habeas corpus in the district court pursuant to 28 U.S.C. § 2241, seeking judicial review of his deportation order. The government responded that the district court lacked subject matter jurisdiction; that the application of AEDPA § 440(d) to Petitioner's case precluded the relief sought by Petitioner even if the district court had jurisdiction to hear the matter; and that application of § 440(d) did not violate the presumption against retroactivity and did not violate equal protection.

The district court conducted a hearing on January 26, 1998, and thereafter issued an Order of Remand on February 9, 1998. The district court remanded the case to the BIA to allow the BIA to address on appeal the limited factual issue of whether Petitioner served five years of his sentence. The district court further instruct-

ed that its decision was subject to being vacated if the United States Court of Appeals for the Second Circuit reversed the decision in *Mojica v. Reno*, 970 F.Supp. 130 (E.D.N.Y.1997) before the BIA issued an opinion on Petitioner's appeal.

It is from the district court's order remanding Petitioner's case to the BIA for determination of whether Petitioner served five years or more in prison, and therefore was ineligible for relief from deportation, that the government now appeals.

## ANALYSIS

### A. THE DISTRICT COURT'S JURISDICTION

■ The government argues that the district court erred in exercising jurisdiction over Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241, particularly in light of the recent amendments to the INA, codified at 8 U.S.C. § 1182 *et seq.*, that resulted from the enactment of the AEDPA and IIRIRA. This Court reviews a district court's decision on a motion to dismiss for lack of subject matter jurisdiction *de novo*. *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990).

■ In *Pak v. Reno*, this Court joined the majority of circuits that have considered the issue of whether the amendments to the INA preserved access to the writ of habeas corpus under § 2241 for aliens in transitional cases, when it held that "habeas corpus jurisdiction under § 2241 for criminal aliens whose petitions fall within the purview of IIRIRA's transitional rules survives enactment of AEDPA as modified by IIRIRA's transitional rules." *See Pak v. Reno*, 196 F.3d at 673–74 (citing *Jurado–Gutierrez v. Greene*, 190 F.3d 1135, 1146–47 (10th Cir.1999); *Shah v. Reno*, 184 F.3d 719, 724 (8th Cir.1999); *Mayers v. INS*, 175 F.3d 1289, 1298 (11th Cir.1999); *Sandoval v. Reno*, 166 F.3d 225, 235 (3d Cir.1999); *Henderson v. INS*, 157 F.3d

106, 122 (2d Cir.1998); *Magana–Pizano v. INS*, 152 F.3d 1213, 1221 (9th Cir.1998), *judgment vacated and cert. granted*, ––– U.S. –––, 119 S.Ct. 1137, 143 L.Ed.2d 206 (1999); *Goncalves v. Reno*, 144 F.3d 110, 121 (1st Cir.1998)).

 Therefore, in the instant case, where Petitioner brought an application for writ of habeas corpus under § 2241 on the grounds that § 440(d) of AEDPA should not be retroactively applied, the district court properly exercised jurisdiction over Petitioner's application. *See Pak*, 196 F.3d at 674–75. Having so found, we turn now to the merits of Petitioner's claim: whether § 440(d) of AEDPA applies retroactively to Petitioner's case. Once again, in analyzing Petitioner's claim we need look no further than this Court's recent decision in *Pak*.

## B. RETROACTIVE APPLICATION OF § 440(d)

The government argues that even if the district court properly exercised jurisdiction over Petitioner's claim, the court erred in finding that AEDPA § 440(d) did not bar Petitioner's application for § 212(c) relief. However, in *Pak* we rejected the identical argument made by the government when we held that "Congress intended that § 440(d) not apply retroactively, that is, not apply to pending applications for § 212(c) relief." *Pak*, 196 F.3d at 674–75. In so holding, we examined the AEDPA and noted that Congress was explicit when it intended for particular provisions of the act to apply to pending proceedings, and that a retroactivity provision was conspicuously absent from § 440(d). *Id.* at 675–76. We therefore concluded that "[b]y excluding retroactivity language from § 440(d) we presume that Congress did not intend for § 440(d) to apply to pending cases." *Id.* (citing *INS v. Cardoza–Fonseca*, 480 U.S. 421, 432, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987)).

Accordingly, in the instant case, the district court properly concluded that § 440(d) of AEDPA did not apply retroactively to preclude review of Petitioner's pending application for § 212(c) relief. As such, the district court properly remanded Petitioner's case to the BIA to allow the BIA to address on appeal the limited factual issue of whether Petitioner served five years of his prison sentence.

## CONCLUSION

For the above stated reasons, we hold that the district court did not err in exercising jurisdiction over Plaintiff's application for writ of habeas corpus under § 2241, or in finding that § 440(d) did not bar review of Plaintiff's claim for § 212(c) relief.