UNITED STATES of America,
Respondent–Appellee,

v.

Robert T. JENKINS, Petitioner–
Appellant.

No. 98–6287.

United States Court of Appeals,
Sixth Circuit.

Feb. 6, 2001.

Before JONES and COLE, Circuit
Judges; NUGENT, District Judge.*

Robert T. Jenkins, proceeding pro se, appeals from a judgment dismissing his petition for habeas relief filed under 28 U.S.C. § 2241 and denying his motion to amend his pending 28 U.S.C. § 2255 motion to vacate his sentence. He also appeals from a district court judgment denying his motion requesting credit for time served in state prison. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, Jenkins was convicted by a jury in the United States District Court for the Western District of Kentucky, of being a felon in possession of a firearm and of furnishing false information to a federal firearms dealer, violations of 18 U.S.C. §§ 922(g)(1) and 922(a)(6). The court sentenced him to a total of 175 months of imprisonment and three years of supervised release. On appeal, a panel of this court affirmed Jenkins's convictions but remanded the case for re-sentencing, because the district court had not made sufficient findings regarding the enhancement of his offense level for perjury and obstruction of justice under USSG § 3C1.1. On remand, the district court held a new sentencing hearing, further explained its reasons for enhancing Jenkins's offense level, and entered an amended judgment imposing essentially the same sentence that it had previously imposed.

---

* The Honorable Donald C. Nugent, United States District Judge for the Northern District of Ohio, sitting by designation.

While his direct appeal was still pending, Jenkins filed his first § 2255 motion to vacate his sentence, arguing that he had been subjected to an illegal installment sentence. The district court denied the motion without prejudice in October 1996 because Jenkins's direct appeal was still pending. Thereafter, in June 1998, this court denied Jenkins's motion seeking permission to file a second § 2255 motion to vacate as unnecessary, because his first § 2255 motion to vacate his sentence was not dismissed on the merits. Thus, the court transferred the case back to the district court for further proceedings.

In February 1998, Jenkins filed a § 2241 petition seeking immediate release from confinement, in which Jenkins appears to have argued that the government violated the Interstate Agreement on Detainers. He also filed a motion to amend his pending § 2255 action, in which he sought to assert the following grounds for relief: 1) he was subjected to illegal consecutive sentences; and 2) the sentencing court improperly calculated his criminal history score. Upon review, the district court dismissed Jenkins's § 2241 habeas petition because Jenkins did not file the petition in the Eastern District of Kentucky, where he was incarcerated. Concerning Jenkins's request to amend his pending § 2255 motion, the district court stated that the request was unclear, and advised Jenkins to clarify the matter by stating whether he sought to amend a § 2255 motion that he believed was pending in the district court and to identify the motion he was purportedly amending. Jenkins never filed a response to the court's request.

In addition, Jenkins filed a motion requesting the district court to credit his federal sentence for time served in state prison. The district court denied Jenkins's motion seeking credit for time served in state prison because he had not exhausted his administrative remedies through the Bureau of Prisons.

In his timely appeal, Jenkins did not specify which of the two orders he is appealing. However, he essentially reasserts each of the issues raised in his various motions and petition for habeas relief. In addition, he argues that the district court was biased against him, and that counsel was ineffective for not challenging the issues identified above.

Initially, we note that Jenkins did not raise his arguments concerning bias and ineffective assistance of counsel in the district court. Unless exceptional circumstances are present, this court normally will not address an issue not first raised in the district court. *See Noble v. Chrysler Motors Corp., Jeep Div.*, 32 F.3d 997, 1002 (6th Cir.1994). Because no exceptional circumstances exist in this case, we will not address this argument.

■ Upon review, we conclude that the district court properly determined that it lacked jurisdiction to consider Jenkins's § 2241 petition. *See· Haio v. I.N.S.*, 199 F.3d 302, 304 (6th Cir.1999); *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990). If a federal prisoner seeks to challenge the execution of his sentence, he must file a § 2241 habeas petition in the district court having jurisdiction over petitioner's custodian. *In re Hanserd*, 123 F.3d 922, 925 (6th Cir. 1997); *United States v. Jalili*, 925 F.2d 889, 893–94 (6th Cir.1991); *Cohen v. United States*, 593 F.2d 766, 770–71 (6th Cir. 1979).

A review of the record reflects that Jenkins did not file his § 2241 petition in the proper court. Jenkins filed his § 2241 petition in the United States District Court for the Western District of Kentucky. However, as the district court properly noted, when Jenkins filed his

§ 2241 petition, he was confined at the Federal Correctional Institute in Manchester, Kentucky, which is located in the London Division of the United States District Court for the Eastern District of Kentucky. Because Jenkins filed his pleading in the wrong court, the district court properly dismissed the petition for lack of jurisdiction.

In addition, with respect to Jenkins's motion to amend his pending § 2255 motion, the record reflects that a dispositive order has not yet been entered on this motion. Thus, there is nothing for this court to review. The district court advised Jenkins to clarify his request to amend his § 2255 motion within 20 days or the district court would deny the motion. The docket sheet reflects that Jenkins never filed a clarifying response, and that the district court never issued a ruling on the motion to amend. Thus, there is no order for this court to review with respect to the motion to amend. In addition, the district court may note this court's order (Record Entry No. 153) of June 24, 1998, directing that further proceedings be held on Jenkins's § 2255 motion, which this court transferred to the district court after denying Jenkins's motion seeking permission to file a motion to vacate as unnecessary.

Finally, the district court also properly denied Jenkins's motion requesting "credit" for time served in state prison. Jenkins did not exhaust his administrative remedies before filing his request for habeas relief. *See Little v. Hopkins,* 638 F.2d 953, 953–54 (6th Cir.1981).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.