Virginia WALKER, Plaintiff–Appellant,

v.

William J. HENDERSON, Postmaster General, United States Postal Service, Defendant–Appellee.

No. 00–1797.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2001.

Before MARTIN, Chief Judge; SUHRHEINRICH, Circuit Judge; and OLIVER, District Judge.*

*ORDER*

Virginia Walker, a Michigan resident proceeding pro se, appeals a district court judgment dismissing her employment discrimination action filed pursuant to 42 U.S.C. § 1981. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On January 25, 2000, Walker filed a complaint against William J. Henderson, Postmaster General of the United States Postal Service ("USPS"). Walker, an African–American, had been employed as a window clerk by the USPS for approximately twenty years prior to the August 10, 1999, termination of her employment. Walker's employment was terminated for failure to account for two money orders on her daily financial report, which she was required to complete each work day. However, according to Walker, her employment was terminated because of her race.

Henderson filed a motion to dismiss the complaint, to which Walker responded. On June 13, 2000, the district court granted Henderson's motion to dismiss, concluding that it lacked subject matter jurisdiction to review Walker's complaint. Walker has filed a timely appeal. In addition, Walker has filed a motion to disqualify

---

* The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

Assistant United States Attorney Vanessa M. Mays, attorney for Henderson, and a motion to compel the district court to enter a default judgment against Henderson.

We review de novo a district court's decision to dismiss an action for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). *Haio v. INS,* 199 F.3d 302, 304 (6th Cir.1999); *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir.1990). When the defendant challenges subject matter jurisdiction through a motion to dismiss, the plaintiff bears the burden of establishing jurisdiction. *Jones v. City of Lakeland,* 175 F.3d 410, 413 (6th Cir.1999); *Moir,* 895 F.2d at 269.

■ Upon review, we conclude that the district court properly dismissed Walker's complaint for lack of subject matter jurisdiction. *See Haio,* 199 F.3d at 304; *Moir,* 895 F.2d at 269. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(c), provides the "exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. Gen. Servs. Admin.,* 425 U.S. 820, 835, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *see also Forest v. United States Postal Serv.,* 97 F.3d 137, 141 (6th Cir.1996). For this reason, a federal employee alleging employment discrimination may proceed only under Title VII and may not proceed under § 1981. *Day v. Wayne County Bd. of Auditors,* 749 F.2d 1199, 1204 (6th Cir.1984); *Jackson v. United States Postal Serv.,* No. 88–1415, 1988 WL 123488, at *1 (6th Cir. Nov. 18, 1988) (unpublished order).

■ Walker alleged race discrimination arising out of her federal employment with the USPS. Thus, Walker's exclusive remedy lies in the provisions of Title VII, not § 1981. *Brown,* 425 U.S. at 835; *Forest,* 97 F.3d at 141. Since Walker brought suit pursuant to the provisions of § 1981, rather than Title VII, the district court proper-ly dismissed her complaint for lack of subject matter jurisdiction. *See Brown,* 425 U.S. at 835; *Day,* 749 F.2d at 1204.

Walker's arguments on appeal do not compel a different result. The district court was not required to address the merits of Walker's complaint since it concluded that it lacked subject matter jurisdiction over the action. Henderson was not obligated to file an answer as required by Fed.R.Civ.P. 8(b) in light of the filing of his pre-answer motion to dismiss, which raised a jurisdictional defense. *See* Fed.R.Civ.P. 12(a). Furthermore, the Civil Rights Act of 1991 did not provide that federal employees could file employment discrimination claims against their employers under § 1981. 42 U.S.C. § 1981a.

Accordingly, the motions to disqualify attorney Mays and to compel entry of a default judgment against Henderson are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.