Victoria Y. CARR, Plaintiff–Appellant,

v.

Robert J. SPENCER, Sr.; Charles A. Claypool; George J. Gounaris, Judge; Harry G. Beyoglides, Jr.; John J. Petro; United States Fidelity & Guaranty Company, Defendants–Appellees.

No. 00–4488.

United States Court of Appeals,
Sixth Circuit.

June 12, 2001.

Before KEITH, BATCHELDER, and MOORE, Circuit Judges.

Victoria Y. Carr, an Ohio resident proceeding pro se, appeals a magistrate judge's judgment dismissing her civil action purportedly filed pursuant to 42 U.S.C. § 1983. Carr also moves for injunctive relief. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On July 25, 2000, Carr filed a complaint against Robert J. Spencer, Sr., her ex-husband; Charles A. Claypool, her ex-husband's attorney; Judge George J. Gounaris, a Montgomery County, Ohio, probate court judge; Harry G. Beyoglides, Jr., appointed successor guardian of the estate of Robert J. Spencer, Jr.; John J. Petro, attorney for her bonding company; and United States Fidelity and Guaranty Company, her bonding company. Carr contended that the defendants violated her "Civil Rights and/or Constitutional Rights of Due Process/Equal Protection" during a prior state court probate proceeding. Specifically, Carr alleged that on January 25, 1999, she was mistakenly removed as

guardian of the estate of her son, Robert J. Spencer, Jr., pursuant to a Montgomery County Probate Court judgment. Carr alleged that although the probate court determined that she had neglected her responsibilities by not paying her son's high school tuition, she had in fact timely paid the tuition in full. Therefore, Carr requested the district court to vacate the January 25, 1999, state probate court judgment, reinstate her as guardian of her son's estate, and order the defendants to pay her $10,000,000 in damages.

The parties consented to have a magistrate judge exercise jurisdiction over the action pursuant to the provisions of 28 U.S.C. § 636(c). All of the defendants filed motions to dismiss the complaint, to which Carr responded. The magistrate judge granted the defendants' motions and dismissed the action pursuant to the provisions of Fed.R.Civ.P. 12(b)(1), concluding that Carr's claim for damages against Gounaris was barred by absolute judicial immunity and the court lacked subject matter jurisdiction over the remaining claims against the remaining defendants. Carr has filed a timely appeal.

Upon de novo review, we conclude that the magistrate judge properly dismissed Carr's complaint for lack of subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1). *See Haio v. INS*, 199 F.3d 302, 304 (6th Cir.1999); *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990). Because Carr's complaint seeks federal court review of a state court judgment regarding guardianship of a minor child, the *Rooker–Feldman* doctrine precludes the exercise of federal jurisdiction. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed.

362 (1923). The *Rooker–Feldman* doctrine provides that federal district courts generally lack jurisdiction to review and determine the validity of state court judgments, even in the face of allegations that "the state court's action was unconstitutional." *Feldman,* 460 U.S. at 486, 103 S.Ct. 1303; *see also Blanton v. United States,* 94 F.3d 227, 233–34 (6th Cir.1996). Instead, review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court. 28 U.S.C. § 1257; *Feldman,* 460 U.S. at 476, 103 S.Ct. 1303. Carr's complaint merely reflects her dissatisfaction with the state court's guardianship judgment and is essentially an attempt to obtain unauthorized federal review of that judgment.

We further conclude that the magistrate judge properly dismissed Carr's claim against Gounaris for monetary damages because it is barred by the doctrine of judicial immunity. Generally, judges have absolute immunity from civil suits for monetary damages with regard to acts undertaken within their judicial capacity. *Mireles v. Waco,* 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Stump v. Sparkman,* 435 U.S. 349, 355–56, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). When ordering Carr's removal as guardian of her son's estate, Gounaris acted within the scope of his official duties as a probate judge and clearly had jurisdictional authority to preside over the probate proceeding. *See Mireles,* 502 U.S. at 11–12, 112 S.Ct. 286; *Stump,* 435 U.S. at 359, 98 S.Ct. 1099.

Accordingly, the motion for injunctive relief is denied, and the magistrate judge's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.