**Barney PERRY, doing business as Perryal Music Co., Plaintiff–Appellant,**

v.

**BROADCAST MUSIC INC.,
Defendant–Appellee.**

**No. 00–6103.**

United States Court of Appeals,
Sixth Circuit.

Aug. 7, 2001.

Before BOGGS, DAUGHTREY, and FARRIS,* Circuit Judges.

Barney Perry, a New York citizen proceeding pro se, appeals a district court judgment dismissing his complaint in this civil action alleging copyright claims. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Barney filed this action against the defendant, Broadcast Music, Inc. ("BMI"), a New York corporation with its principal place of business in New York, New York. Perry's claims arise from a New York State Court Judgment that Perry asserts rescinded his contract with Blackbyrd Music ("Blackbyrd"), a music publishing company, and restored his ownership interest right to two musical compositions. In a word, Perry seeks royalty monies from BMI that BMI otherwise would pay to Blackbyrd, as the owner of the copyrights.

BMI filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6) and 28 U.S.C. § 1915(e), the frivolity statute, for lack of subject matter jurisdiction and for failure to state a claim. The district court granted BMI's motion and dismissed the complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 28 U.S.C. § 1915(e). This timely appeal followed.

This court reviews de novo a district court's decision to dismiss an action for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). *Haio v. INS*, 199 F.3d 302, 304 (6th Cir.1999); *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990). When the defendant challenges subject matter jurisdiction through a motion to dismiss, the plaintiff bears the burden of establishing jurisdiction. *Moir*, 895 F.2d at 269.

Likewise, this court reviews de novo a district court's decision to dismiss a complaint as frivolous under 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). A case is frivolous if it lacks an arguable basis either in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Upon review, we conclude that the district court properly dismissed Perry's complaint for lack of subject matter jurisdiction. Section 1338(a) of Title 28 of the United States Code states that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to ... copyrights ...." However, it is well-established that not every complaint that refers to the Copyright Act "arises under" that law for purposes of § 1338(a). *See, e.g., T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 824 (2d Cir.1964). In particular, "the federal grant of a ... copyright has not been thought to infuse with any national interest a dispute as to ownership or contractual enforcement turning on the facts or on ordinary principles of contract law." *Id.* at 826. This case essentially involves a dispute as to the ownership of the composi-

* The Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

tions at issue here. As a matter of law, the Ninth Circuit held that Blackbyrd retains the legal ownership of the compositions at issue here. *See Perry v. Zaentz,* No. 97–16724, 1999 WL 397531 (9th Cir.), *cert. denied,* 528 U.S. 1024, 120 S.Ct. 537, 145 L.Ed.2d 416 (1999) (unpublished memorandum).

 Additionally, because Perry and BMI are both citizens of New York, complete diversity does not exist in this case. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.